**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-26-156-J** |
| | ) | |
| **MATTHEW MCLAIN VEAZEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>JOINT MOTION FOR A CONTINUANCE OF JURY TRIAL</u>**

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the United States of America and Defendant respectfully request that the trial of this matter be continued from the December 2026 jury trial docket to the February 2027 jury trial docket. As grounds for this request, the parties show the following:

1. On April 7, 2026, the federal grand jury returned an Indictment charging Matthew McLain Veazey ("Defendant") with twenty-one counts of Wire Fraud, in violation of Title 18, Section 1343 of the United States Code; four counts of Money Laundering, in violation of Title 18, Section 1957(a) of the United States Code; and three counts of Aggravated Identity Theft, in violation of Title 18, Section, Section 1028A of the United States Code (Doc. 1). The defendant appeared for arraignment on April 9, 2026, and was released on conditions (Docs. 6 and 8).

2. On May 5, 2026, the federal grand jury returned a Superseding Indictment charging Matthew McLain Veazey ("Defendant") with twenty-one counts of Wire Fraud,

in violation of Title 18, Section 1343 of the United States Code; five counts of Money Laundering, in violation of Title 18, Section 1957(a) of the United States Code; and three counts of Aggravated Identity Theft, in violation of Title 18, Section, Section 1028A of the United States Code (Doc. 25). The defendant appeared for arraignment on June 10, 2026, and was released on previously posted conditions (Doc. 27).

3. No pretrial motions have been filed and one previous motion for continuance of the trial date has been filed (Doc. 21). Trial is presently set for December 1, 2026.

4. The government extended a written plea agreement offer to Defendant, and the parties have been actively engaged in discussions about that plea offer in the past month. Defendant has declined the plea agreement offer, and it appears presently that this will be a trial case. This will be a complex trial with voluminous documents and numerous fact and record witnesses, many of which will need to travel to Oklahoma from out of state. Given the size and complexity of this case, the parties agree that a brief, two-month continuance to February 2027, after the holidays, is the best interests of the parties and in the best interest of justice. This will afford both parties sufficient time to prepare for trial, prepare any pretrial motions for the Court, and ensure that the trial will not interfere with the schedules of essential witnesses.

5. If the Court grants this Motion, the government will begin issuing trial subpoenas and coordinating with witnesses to ensure that the government will be ready to proceed in February 2027. The government will not seek any further continuance or consent to any further continuance requests by Defendant absent extraordinary circumstances.

6. The delay resulting from this requested continuance is excludable under the Speedy Trial Act. Pursuant to 18 U.S.C. § 3161(h)(7)(A), any period of delay resulting from a continuance granted by any judge on the judge's own motion or at the request of either or both parties and their counsel is excludable under the Speedy Trial Act if the judge finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The Court must "protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act." *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) (citing 18 U.S.C. § 3161(h)(7)(A)). The Speedy Trial Act gives the Court discretion to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006).

7. For these reasons stated above, the parties agree that the ends of justice would be served by an order continuing the trial by several months to the February 2027 trial docket. The parties further agree that the need for this continuance outweighs the best interest of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). This is a complex case involving voluminous financial records resulting from a lengthy investigation, and the parties submit that a continuance is warranted under § 3161(h)(7)(B)(ii). The parties further submit that a continuance would be fully consistent with the policies articulated in the remaining subsections of § 3161(h)(7)(B). This request for continuance is not due to lack of diligent preparation or failure to obtain available witnesses on the part of the government.

8. Defense counsel will separately file a waiver of Defendant's rights under the Speedy Trial Act.

Therefore, the parties respectfully request that the Court continue the trial date in this matter to the Court's February 2027 docket.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/JACKSON D. ELDRIDGE
Assistant United States Attorney
New York Bar No. 5231402
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (Office)
jackson.eldridge@usdoj.gov

-AND-

s/CHARLES W. BROWN
Bar Number: 20168
Brown Law, PLLC
P.O. Box 896
Edmond, Oklahoma 73012
(405) 412-5009 (Office)
charles@charlesbrownlaw.com
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.

s/JACKSON D. ELDRIDGE
Assistant United States Attorney